UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60889-RAR

**GLOBAL APPRAISAL SOLUTIONS, LLC**,

    Plaintiff,

v.

**MICHAEL H. ASHLEY,** *et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTION TO TRANSFER VENUE

**THIS CAUSE** comes before the Court upon Plaintiff Global Appraisal Solutions, LLC's ("Global Appraisal") Motion to Transfer Venue ("Motion") [ECF No. 89], filed on April 5, 2021. On April 7, 2021, Defendant Gateway Bank, FSB ("Gateway") filed its Opposition to Plaintiff's Motion ("Opposition") [ECF No. 93].[1] The Court having carefully considered the relevant submissions and applicable law, it is hereby

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 89]** is **GRANTED** for the reasons set forth herein.

## BACKGROUND

Global Appraisal is a Florida limited liability company with its principal office in the Middle District of Florida. *See* Am. Compl. ¶ 1 [ECF No. 84]; *see also* Mot. ¶ 15. The Amended Complaint names 16 Defendants. *See generally* Am. Compl. Defendants Michael H.

---

[1] Initially, Plaintiff's Motion was represented to be unopposed. *See* Mot. [ECF No. 89]. However, shortly after filing the Motion, Plaintiff filed a supplement to its Motion advising the Court that Defendant Gateway opposes the Motion. *See* [ECF No. 90]. This Court then ordered expedited briefing requiring Gateway to file its response to the Motion by April 7, 2021. *See* Order [ECF No. 91].

Ashley, Mindy S. Ashley, Janet K. Ashley,[2] Realty Warehouse, Rebuild New York, Inc., 334 Marketing Inc., Acorp, LLC, 1-800 Cashout, Inc., Helene DeCillis, Paul DeCillis, Elizabeth Angebrandt, Joyce Savitsky and Robert Savitsky are all domiciled in New York.[3] *Id.* ¶¶ 2-4. Defendants Cherud Wilkinson and Debbie Ivarson are domiciled in Virginia. *Id.* ¶ 4. And Defendant Gateway is incorporated in and has its principal place of business in California. *Id.* ¶ 5.

The Amended Complaint asserts five counts under section 56.29 of the Florida Statutes, and advances several theories for relief including fraudulent transfer, equitable lien and constructive trust, and declaratory and equitable relief. *See generally* Am. Compl. Broadly speaking, this matter concerns actions allegedly taken by Defendants in connection with a decade-long controversy involving unpaid appraisal fees due to Plaintiff—all of which ultimately resulted in the entry of a 2010 default judgment concerning those fees in the United States District Court for the Eastern District of New York. *Id.* ¶ 136; *see also* Default Judgment [ECF No. 1]. Plaintiff alleges that diversity jurisdiction exists given that the parties are diverse and the sum in controversy exceeds $75,000. *Id.* ¶ 7.

Plaintiff originally filed suit in this District, alleging that "venue is proper as substantial events or omissions occurred or were directed here, such as Plaintiff's injuries, resulting from work performed in Florida, resulting in the judgment being enforced and/or the realty at issue is located here." Compl. ¶¶ 8-9 [ECF No. 7]. However, it appears that since this action was filed

---

[2] Collectively, Michael H. Ashley, Mindy S. Ashley, and Janet K. Ashley are referred to herein as the "Ashley Defendants."

[3] Due to the apparent connection to New York, the Court previously ordered Plaintiff to show cause as to why this case should not be transferred to the Eastern District of New York. *See* Order to Show Cause [ECF No. 42]. However, after reviewing Plaintiff's Response to the Order to Show Cause [ECF No. 63], the Court ultimately determined transfer was not warranted. *See* Order [ECF No. 65].

in May 2020, certain circumstances have changed—all of which point to a more adequate venue, thereby prompting Plaintiff to file the instant Motion. Specifically, Plaintiff notes that:

- The Amended Complaint no longer names Defendant Kenneth Golden, "whose presence formed the *sole* basis for venue in this District, where he owned property, against which Plaintiff sought relief," Mot. ¶ 6 (emphasis added);

- Plaintiff has learned that "Defendant Michael Ashley has registered Defendant Realty Warehouse in Tallahassee: the parent of several other corporate Defendants, in which the Ashley Defendants are involved," *id.* ¶ 7; and

- Plaintiff also recently discovered that "Defendant Michael Ashley and his family's businesses are involved with his son's race car business, doing business in Gainesville, Florida, in the Northern District, as recently as March 2021," *id.* ¶ 9.

Additionally, Plaintiff notes that its place of business has always been Tampa, Florida, and that it "did business with most of the Defendants from Tampa and had also registered its judgment in the Middle District[.]" *Id.* ¶ 10. Accordingly, Plaintiff seeks to transfer venue to the Northern or Middle Districts of Florida pursuant to 28 U.S.C. section 1404. *See* Mot. 4-5. Gateway opposes the Motion. *See generally* Opp.

## **LEGAL STANDARD**

There are two requirements Plaintiff must meet to succeed in its motion to transfer under section 1404. First, this cause can only be transferred to another "district where the action might have been brought." 28 U.S.C. § 1404(a); *see also Tingley Sys., Inc. v. Bay State HMO Mgmt., Inc.*, 833 F. Supp. 882, 885 (M.D. Fla. 1993). Second, the transfer must be warranted on grounds of convenience and interests of justice. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *Windmere Corporation v. Remington Products, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985). Courts have broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487

U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622); *accord Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002).

Once a court finds an action could have been brought in the transferee forum, the court "must weigh various factors . . . to determine if a transfer to a more convenient forum is justified." *Windmere*, 617 F. Supp. at 10. The factors to be considered are: convenience of the parties; convenience of the witnesses; relative ease of access to sources of proof; availability of process to compel the presence of unwilling witnesses; and public interest considerations. *Id.* In this case, it is Plaintiff's burden to establish that the statutory factors weigh in favor of transfer to either the Northern or Middle Districts of Florida. *CES Publishing Corporation v. Dealerscope, Inc.*, 544 F. Supp. 656, 661 (E.D. Pa. 1982).

Additionally, in the atypical scenario presented here—where Plaintiff seeks to change the venue it originally chose—an additional factor may be considered: change in circumstances since filing. *Myers v. Doe*, No. 04-00270, 2006 WL 3392692, at *3 (N.D. N.Y. Nov. 22, 2006) (finding plaintiff may seek transfer to another court where there is a change of circumstances making the transferee court appropriate). Although "there is no requirement under 28 U.S.C. § 1404 that a plaintiff seeking transfer of venue must show a change of circumstances since the time [of] the original action," a court should nonetheless "consider the existence or absence of changed circumstances in deciding whether transfer of venue is appropriate." *Cordis Corp. v. Siemens-Pacesetter, Inc.*, 682 F. Supp. 1200, 1203 (S.D. Fla. 1987).

## ANALYSIS

Plaintiff contends the convenience of the parties and witnesses supports transferring this case to either the Middle or Northern Districts of Florida—where Plaintiff also registered its judgment. Mot. ¶¶ 8, 10. According to Plaintiff, venue *was* proper in this District when this

action was originally filed because a "substantial part of the property that [was] the subject of the action" was situated in the Southern District of Florida—namely Kenneth Golden's property. *Id.* ¶ 6. However, Golden (and his property) formed the *sole* basis for venue in this District and Plaintiff has since resolved this matter as to Golden. *Id.* At the same time, Plaintiff has discovered that various Defendants have property and/or business dealings in Tallahassee and Gainesville—both of which are encompassed by the Northern District of Florida. *Id.* ¶¶ 7-9. Given that there is no connection to this District following Golden's dismissal—and considering certain Defendants' dealings in northern Florida—Plaintiff seeks to transfer this action to the Northern District of Florida. In the alternative, Plaintiff seeks a transfer to the Middle District, where Plaintiff operates and where many of the events giving rise to Plaintiff's claims occurred.

### A. Adequacy of the Middle District of Florida as an Appropriate Forum

Before considering whether a transfer is appropriate, the Court's threshold inquiry is whether this action could have been brought in the Northern or Middle Districts of Florida. *See Meterlogic, Inc.*, 185 F. Supp. 2d at 1299. An action "might have been brought" in a proposed transferee court if: (1) the court had jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court. 15 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure § 3845 (1976). Upon careful review of the record, the Court lacks sufficient information to ascertain whether venue is proper in the Northern District. However, as explained below, this case could have been brought in the Middle District of Florida under section 1391(b)(2).

First, the Middle District has subject matter jurisdiction under 28 U.S.C. §1332, as the parties are diverse and the amount in controversy exceeds $75,000. Am. Compl. ¶ 7. Second, venue is proper because Plaintiff is at home in the Middle District and a substantial portion of the

events giving rise to Plaintiff's claims occurred there. *See* 28 U.S.C. § 1391(b)(2); *see generally* Am. Compl.; Mot. ¶ 10; *see also Mobile Diagnostic Imaging, Inc. v. Gormezano*, No. 12-60888, 2012 WL 3244664, at *2 (S.D. Fla. Aug. 9, 2012) ("[S]ubstantial events occurred within a venue when harm or injury was suffered in that venue."). Finally, Defendants are amenable to process in the Middle District because they conducted business activities with Plaintiff there. *See, e.g.*, Am. Compl. ¶ 8(c); *see also Kelling v. Hartford Life & Accident Ins. Co.*, 961 F. Supp. 2d 1216, 1219 (M.D. Fla. 2013) ("Defendant is amenable to process in that district because it conducts business activities there and has been haled into court on prior occasions in that district."). Thus, it is apparent that this action could have been brought in at least one of Plaintiff's proposed transferee districts—to wit, the Middle District of Florida.

### B. The Convenience of the Parties and the Interests of Justice

The Court next analyzes the section 1404 factors to determine whether transfer is appropriate. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1. (11th Cir. 2005). Plaintiff admits it initiated this action here solely because Golden's property was located in the Southern District of Florida—but Golden has since been dropped from the case. Mot. ¶ 6. Thus, there is no nexus to the Southern District. *Id.* On the other hand, the Middle District is an adequate and convenient forum. Plaintiff did business with Defendants from its offices in Tampa; the claims at issue arose there; Plaintiff allegedly suffered harm there; and documents and records concerning Plaintiff's claims are located there. *See generally* Am. Compl. Additionally, several relevant witnesses reside in or near the Middle District, while none appear to reside near the Southern District. Mot. ¶ 16.

Gateway opposes Plaintiff's "belated effort to change the venue of the case" and argues that Plaintiff's Motion is simply a thinly veiled attempt to forum shop which "should not be

rewarded." *See* Opp. at 1, 5.  Additionally, Gateway argues that it would "be a waste of judicial resources and require another court to review the extensive filing and procedural history of this case and make a determination on motions to dismiss that are already pending in this Court." Opp. at 5.

The Court disagrees.  First, Plaintiff is not seeking carte blanche permission to "forum shop."  It is simply informing the Court that due to changed circumstances, this venue is no longer adequate.  Accordingly, Plaintiff is seeking to exercise its limited choice among proper forums—which it is clearly entitled to do under federal venue provisions.  Gateway's efficiency argument is well-taken, as the docket in this matter is quite active and the procedural history is extensive.  But even though efficiency weighs in favor of retention, transfer is nevertheless appropriate.  *Game Controller Technology LLC v. Sony Computer Entertainment America LLC*, 994 F. Supp. 2d 1268, 1277 (S.D. Fla. 2014) (granting venue transfer where "witness convenience, party convenience, locus of operative facts, and availability of compulsory process" favored transfer and the factor of efficiency favored retention).

Lastly, without any analysis whatsoever, Gateway incorrectly asserts that "venue is *still* proper here."  Opp. at 5 (emphasis in original).  However, transfer is necessary under 28 U.S.C. section 1406(a) because venue is now *improper* in this District.  Venue in federal civil actions is governed by 28 U.S.C. section 1391(b).  If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  *Id.* § 1406(a).  Because no Defendant resides here, no part of the events giving rise to the claim occurred here, and there is a district where the action may otherwise be brought—the Middle District of Florida—venue is improper in the Southern District of Florida. Transfer is thus necessary *independent* of the Court's analysis under section 1404(a).  *See id.*

## CONCLUSION

Guided by the foregoing analysis, the Court holds that the convenience to the parties and witnesses supports transfer to the Middle District of Florida. The only factor weighing slightly in favor of retention may be the interest of judicial efficiency. But with most factors weighing in favor of transfer and only a single factor slightly in favor of retention, Plaintiff has carried its burden of showing the balance of convenience favors transfer. In any event, this action must be transferred given that venue is improper here under 28 U.S.C. section 1391(b). For these reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion **[ECF No. 89]** is **GRANTED**. The Clerk is instructed to transfer this case to the United States District Court for the Middle District of Florida and mark this case as **CLOSED** in this District.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 9th day of April, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**